Official Form 11A
6/90



# United States Bankruptcy Court
Northern District Of California

In re: John G. Stumpf,
    Debtor

Case No. 11-43325
Chapter 7

**JUDGMENT**

FormB2
6/90

# DECLARATION UNDER PENALTY OF PERJURY
# ON BEHALF OF A CORPORATION OR PARTNERSHIP

**I, HI&RH Prince William-Bullock III: Stewart©™, with signed and notarized General Power of Attorney** for, and acting as a designated and authorized foreign representative for the foreign judgment of most of both the US (14th amendment) and the foreign (11th amendment or other) secured creditors in this involuntary chapter 7 case, and having contractual authority from the judgment debtor to file the judgment debtor into involuntary bankruptcy in order to collect the judgment debtor's mutually agreed upon debts pursuant to the conditions and contractual obligations and agreements of a privately established and consensual contract in Admiralty, attached herein as part of the certified copy of the Court file, on behalf of:

Each of the creditors listed on the Schedule of Secured Creditors, in this case,

**declare under penalty of perjury that I have read the foregoing document that is a certified copy of a foreign judgment that is a final judgment, that is a non-contingent judgment, wherein all matters in controversy have been settled by tacit procuration, collateral estoppel, res judicata, stare decisis**, and based upon the privately established consensual contract in Admiralty. The judgments herein are unappealable. There is a certificate from the document custodian included, also a declaration from the Ex Officio Magistrate Judge who presided over the administrative law case and issued the administrative law judgment. There are four apostiles from the CALIFORNIA STATE SECRETARY OF STATE certifying and attesting to the active status and good standing of the four NOTARY PUBLICS issuing Judgments in this case against the judgment debtors, as permitted by the California government code §§ 8205, 8205(1), 8205(1)(a), and US Supreme Court rulings in Compton v. STATE OF ALABAMA, 214 US 1 (1909),

and that the attached is a true and correct copy to the best of my information and belief, and contains date stamps for the CALIFORNIA STATE SECRETARY OF STATE, the great seal of the STATE OF CALIFORNIA stamps and embossing, and **four separate Apostiles from the CALIFORNIA STATE SECRETARY OF STATE – DEBRA BOWEN that conform to the requirements of the Geneva Convention for acceptance of the attached court file documents as official documents which are legally recognized by the UNITED STATES OF AMERICA, and all sub-divisions, including the UNITED STATES STATE DEPARTMENT, and all U.S. Courts.**

The maritime liens contained with this judgment and the fractional assign maritime liens and the successor in assign maritime liens from this judgment, which are specifically allowed by both agreement of the judgment debtor in the private established and perfected contract in Admiralty and in each of the Administrative Law Judgments in Admiralty that are contained herein, are governed by International Maritime Law. Some were public liens and others were silent liens. Neither of which may be dismissed by

any bankruptcy judge, or by summary judgment. Benedict on Admiralty 6th ed. Volume 1 Section 17, p. 28:

"As no court other than a court of admiralty can enforce maritime liens, no other court can displace, discharge or subordinate them. Neither the State courts nor the United States courts on their common law, equity, and bankruptcy sides can divest, transfer to proceeds or adjudicate the maritime liens unless the maritime lienor voluntarily submits themselves to the jurisdiction."

Date: 05/10/2011

HI&RH Prince William Bullock Stewart III©™,
As Executive Beneficiary for the trust,
Secured party creditor, and Sovereign American
UCC 1-207/308, 1-207.9



# SECRETARY OF STATE

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

That, Pavneet Singh was, on May 03, 2011, a duly commissioned, qualified and acting NOTARY PUBLIC, in the State of California, empowered to act as such Notary in any part of this State and authorized to take the acknowledgment or proof of powers of attorney, mortgages, deeds, grants, transfers, and other instruments of writing executed by any person, and to take depositions and affidavits and administer oaths and affirmations in all matters incident to the duties of the office or to be used before any court, judge, officer, or board.

I FURTHER CERTIFY that the seal affixed or impressed on the attached document is the official seal of said Notary Public and it appears that the name subscribed thereon is the genuine signature of the person aforesaid, his (or her) signature being of record in this office.

In Witness Whereof, I execute this certificate and affix the Great Seal of the State of California this 9th day of May 2011.



*Debra Bowen*
Secretary of State

NP-24 A (REV. 1-07)



# SECRETARY OF STATE

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

That, R. A. Guancione was, on January 10, 2010, a duly commissioned, qualified and acting NOTARY PUBLIC, in the State of California, empowered to act as such Notary in any part of this State and authorized to take the acknowledgment or proof of powers of attorney, mortgages, deeds, grants, transfers, and other instruments of writing executed by any person, and to take depositions and affidavits and administer oaths and affirmations in all matters incident to the duties of the office or to be used before any court, judge, officer, or board.

I FURTHER CERTIFY that the seal affixed or impressed on the attached document is the official seal of said Notary Public and it appears that the name subscribed thereon is the genuine signature of the person aforesaid, his (or her) signature being of record in this office.

In Witness Whereof, I execute this certificate and affix the Great Seal of the State of California this 11th day of January 2010.

*Debra Bowen*
Secretary of State

BY

NP-24 A (REV. 1-07)     OSP 05 99002

6113811698



# SECRETARY OF STATE

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

That, Abbas Jaffari was, on October 10, 2009, a duly commissioned, qualified and acting NOTARY PUBLIC, in the State of California, empowered to act as such Notary in any part of this State and authorized to take the acknowledgment or proof of powers of attorney, mortgages, deeds, grants, transfers, and other instruments of writing executed by any person, and to take depositions and affidavits and administer oaths and affirmations in all matters incident to the duties of the office or to be used before any court, judge, officer, or board.

I FURTHER CERTIFY that the seal affixed or impressed on the attached document is the official seal of said Notary Public and it appears that the name subscribed thereon is the genuine signature of the person aforesaid, his (or her) signature being of record in this office.

In Witness Whereof, I execute this certificate and affix the Great Seal of the State of California this 11th day of January 2010.



Debra Bowen
Secretary of State

24 A (REV. 1-07)
OSP 06 99602

FOR: Anthony Victor III Susan

NOTICE OF JUDGMENT LIEN (FORM JL1) Rev. 6/0
Approved by the Secretary of State

6113816 98



# SECRETARY OF STATE

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

That, G. A. Rinella was, on January 08, 2010, a duly commissioned, qualified and acting NOTARY PUBLIC, in the State of California, empowered to act as such Notary in any part of this State and authorized to take the acknowledgment or proof of powers of attorney, mortgages, deeds, grants, transfers, and other instruments of writing executed by any person, and to take depositions and affidavits and administer oaths and affirmations in all matters incident to the duties of the office or to be used before any court, judge, officer, or board.

I FURTHER CERTIFY that the seal affixed or impressed on the attached document is the official seal of said Notary Public and it appears that the name subscribed thereon is the genuine signature of the person aforesaid, his (or her) signature being of record in this office.

In Witness Whereof, I execute this certificate and affix the Great Seal of the State of California this 11th day of January 2010.

*Debra Bowen*
Secretary of State

SANTA CLARA COUNTY
THE STATE OF CALIFORNIA
United States of America 1776 AD
EX OFFICIO MAGISTRATE COURT

RECEIVED
SACRAMENTO, CALIF.
2011 MAY -9 PM 4: 36
SECRETARY OF STATE

COURT OF COMPETENT JURISDICTION,
PURSUANT TO:
CALIFORNIA GOVERNMENT CODE § 8205(a)(1)
And
*U.S. Supreme Court, COMPTON v. STATE OF ALABAMA, 214 U.S. 1 (1909))*
(Notary Public is an ex officio magistrate judge and ex officio justice of the peace)

COURT CERTIFIED COPY OF THE ENTIRE RECORD AND FINAL JUDGMENT
FOR
Petition for Agreement and Harmony within the admiralty in the Nature of a
**NOTICE OF INTERNATIONAL COMMERCIAL
CLAIM IN ADMIRALTY ADMINISTRATIVE REMEDY**

28 U.S.C. §1333 and §1337

**NOTARIAL PROTEST AND NOTICE OF ADMINISTRATIVE JUDGMENT**

**CERTIFICATE OF DISHONOR**

**FILE # AVGIII02172009**

Date: May 3, 2011

11. Libellees, after being found by the Notary Acceptor to have agreed to Libellant's contract and admitted to all statements and claims made by Libellant by TACIT PROCURATION by simply remaining silent, through the estoppel by acquiescence, as described in the language of the contract repeated and recited below, have agreed to not initiate or undertake any action against the Libellant.

**"ESTOPPEL BY ACQUIESENCE**: *In the event Libellee admits the statements and claims by TACIT PROCURATION, all issues are deemed settled RES JUDICATA, STARE DECISIS and COLLATERAL ESTOPPEL. Libellee may not argue, controvert, or otherwise protest the finality of the administrative findings in any subsequent process, whether administrative or judicial.*

*Any action(s), by Libellee(s), in any court or other forum, undertaken against Libellant, outside this Administrative Remedy by Libellee(s), is a trespass against Libellant and will result in an increase in the amount of the True Bill of ten (10) times the original amount and will continue to increase in the same amount of any additional trespasses."*

Libellant:   HI&RH Prince Anthony-Victor III: Guancione©™, Creditor, Secured Party,
             c/o R. A. Guancione, Notary Acceptor
             PO Box 641641
             San Jose, CA 95164

Libellees:

| | |
|---|---|
| JOHN G STUMPF<br>420 Montgomery Street<br>WELLS FARGO & COMPANY<br>San Francisco, CA 94163 | WELLS FARGO & CO.<br>420 Montgomery Street<br>San Francisco, CA 94163<br>Phone: (866) 878-5865<br>Fax: (626) 312-3015<br>Web Site: www.wellsfargo.com<br>Calif. #C2160471, Delaware Corporation |
| ROBERT K. STEEL, (Formerly)<br>dba PRESIDENT & CEO WACHOVIA<br>(effective Dec. 31, 2009 – wholly owned<br>subsidiary and division of WELLS FARGO<br>& COMPANY) | WACHOVIA MORTGAGE FSB<br>(effective Dec. 31, 2009 – wholly owned<br>subsidiary and division of<br>WELLS FARGO & COMPANY)<br>420 Montgomery Street<br>WELLS FARGO & COMPANY<br>San Francisco, CA 94163<br>Calif. #C1146159, Delaware Corporation |
| DAVID K. ZWIENER,<br>dba former SR. EXEC VICE PRES,<br>WELLS FARGO & COMPANY<br>& CFO WACHOVIA DIVISION | Suzanne Ching,<br>dba, ASST. VICE PRESIDENT,<br>WELLS FARGO & COMPANY<br>(WACHOVIA DIV) |

## DECLARATION OF R.A. GUANCIONE, EX OFFICIO MAGISTRATE JUDGE

I, R.A. GUANCIONE, Declarant:

Here, and in subsequent paragraphs, I set forth applicable facts to which I am competent to testify, or of which the US BANKRUPTCY COURT must take judicial notice, or of which the US BANKRUPTCY COURT may take judicial notice with request that it do so.

I acted as an administrative magistrate judge in this matter pursuant to CALIFORNIA GOVERNMENT CODE § 8205(a)(1) and US Supreme Court Ruling, *COMPTON v. STATE OF ALABAMA, 214 U.S. 1 (1909)*) (Notary Public is an ex officio magistrate judge and ex officio justice of the peace), and based on my authority as a Commissioned Notary Public in good standing for the STATE OF CALIFORNIA.

All matters in controversy in this case are and were settled administratively, effective March 30, 2009. There is no further opportunity to rebut or controvert the established contract in admiralty. The US BANKRUPTCY COURT can only rule administratively regarding this judgment because all matters in controversy have been settled by consensual agreement to a private contract in Admiralty. No libellee attempted to controvert the default until after it was settled. My declaration herein, the private contract in admiralty which is attached herein, and the administrative judgments attached herein are are taken in whole as a prima facie case and evidence that no bona fide dispute exists in this case and all matters in controversy have been settled res judicata. Over 50 invoices were sent to JOHN G. STUMPF for which he never contested any of them, nor did he make any attempts to pay, negotiate payment, or offer any settlement. JOHN G. STUMPF never contested the private claim against him and he ignored all true bills sum certain. I was the Notary Witness who served each of those over 50 invoices that were true bills sum certain, and I never received any communication back from JOHN G. STUMPF. Mr. JOHN G. STUMPF has not paid any of these over 50 bills that were true bills for a sum certain. JOHN G. STUMPF is a debtor, and his delay in paying the bills of the creditors constitutes the crime of conversion, for which the private agreement in admiralty and the subsequent judgments all permit enlargement of the debt by 10x.

Mr. Donald Cram has no first hand knowledge of any of the facts in this case. All of Mr. Donald Cram's declaration is hearsay or merely a declaration regarding business records, and is barred as a third party without any first hand knowledge which should therefore be stricken from the record under either the hearsay rule or section 303(d).

WELLS FARGO was convicted of over 55,000 counts of perjury last year involving deliberate attempts to deceive courts concerning debts. The US Department of Justice dissolved WACHOVIA MORTGAGE for money laundering to the Mexican Drug Cartels known as Casas de Cambios. The US SUPREME COURT and Comptroller of the Currency has now named WELLS FARGO as one of eight banks that must review all recent mortgage foreclosures for violations of law, and known violations of law are being collected for prosecution and payment of damages to the victims of WELLS FARGO deceit at the federal level. There is no benefit in JOHN G. STUMP claiming any association with either WELLS FARGO or WACHOVIA MORTGAGE. Those familiar with the banking industry know of the on-going corruption therein.

The original judgment creditor in this case has authority to sell, transfer or assign any or all of his judgment, and therefore liens against his judgment pursuant to the established contract in admiralty that has been upheld by three Notary Judgments and a review by a Tribunal. The original judgment creditor has given out fractional assignments to other creditors, and some of those have again transferred their interests to other creditors as successors in assign. The claims are each secured, in as much as there exists collateral among the libellee's (judgment debtors) to pay the debt. The libellees (judgment debtors) in this case are each responsible for this claim, both individually and severally.

The 25 or more fractional assign creditors in this case are each the holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount. The claims aggregate to more than $3.2 Billion USD (where 1 USD = 1 oz 0.999 fine silver);

There is no objective basis for either a factual or legal dispute as to the validity of the debt because all matters in controversy are settled res judicata, by collateral estoppel, tacit procuration, stare decesis. There are no facts that give rise to a legitimate disagreement over whether money is owed.

The judgment debtor Mr JOHN G. STUMP received and ignored three bills from the first judgment creditor which were sent by notary presentment after he defaulted on the private claim in Admiralty. Whereupon a certificate of non-response was issued.

Then over an 8 month period, the judgment debtor Mr. JOHN G. STUMP received and ignored over 50 bills (true bills sum certain) from the fractional assign secured party creditors. Each bill was sent by registered mail, return receipt requested, and contained a proof of service signed by a Notary Witness (the undersigned who has first hand knowledge of this). The judgment debtor Mr. JOHN G. STUMP ignored every one of those over 50 invoices for true bill sum certain that were sent by registered mail, return receipt requested. A true copy of each invoice and of each certificate of receipt from the US Postal Service signed by JOHN G. STUMP or his designee is included with each proof of claim filed into this case . Each creditor received a Certificate of Non-Response from the Notary Witness, for inclusion with their proof of claim.

Judgment debtor JOHN G. STUMP commits perjury and intrinsic fraud in his declaration which is also improper as to form. A third party, Donald Cram, who cannot represent the debtor pursuant to section 303(d) appears to have suborned perjury from JOHN G. STUMP in his declaration. For over 2 years the creditors have been trying to collect the debt from JOHN G. STUMP which he has ignored and failed to pay. The record shows that a consensual contract exists between the judgment debtor and the creditors that has never been rebutted by Mr. STUMPF or his attorneys, and cannot now be rebutted. All matters in controversy have been settled, res judicata. The creditors seek to enforce my court order that JOHN G. STUMP pay the debt or face another increase of the judgment by 10x. JOHN G. STUMP violates the private contract in Admiralty that he agreed to by tacit procuration. JOHN G. STUMP violates each of the administrative judgments, and the Tribunal determination.

"Establishing the existence or absence of a bona fide dispute involves a shifting burden of proof. A petitioning creditor must establish a prima facie case that no bona fide dispute exists. Once this is done, the burden shifts to the debtor to present evidence demonstrating that a bona fide dispute does exist." *In re Biogenetic Technologies, Inc.*, 248 B.R. 852, 856 (Bankr.M.D.Fla.1999) (internal citation omitted).

Libellee's failure to respond to the NOTICE OF INTERNATIONAL COMMERCIAL CLAIM WITHIN THE ADMIRALTY ADMINISTRATIVE REMEDY OF Anthony Victor III:

Case: 11-43325   Doc# 8   Filed: 05/10/11   Entered: 05/11/11 10:03:36   Page 11 of 15

Guancione, CREDITOR, SECURED PARTY, has put Libellee in default as witnessed by the Notary Acceptor in the sequence of the following events:

1. The Libellant served a NOTICE OF INTERNATIONAL COMMERCIAL CLAIM WITHIN THE ADMIRALTY ADMINISTRATIVE REMEDY of Anthony Victor III: Guancione©™, CREDITOR, SECURED PARTY, upon the Libellees on February 17, 2009 allowing Ten (10) days to respond. Notary Acceptor, R. A. Guancione©™ certifies no timely response is made by Libellees.

2. The Libellant served a NOTICE OF FAULT-OPPORTUNITY TO CURE upon the Libellees allowing three (3) days to cure plus three (3) days for mailing. Notary Acceptor, R. A. Guancione certifies no timely response is made by Libellees.

3. The Libellant served a NOTICE OF DEFAULT upon the Libellees on or about March 30, 2009. Notary Acceptor, R. A. Guancione certifies no timely response is made by Libellees.

4. On March 30, 2009, the Libellant served a FIRST NOTICE OF DEMAND AND SETTLEMENT FOR CLOSING OF THE ESCROW. Notary Acceptor, R. A. Guancione certifies no timely response is made by Libellees.

5. On April 13, 2009, the Libellant served a SECOND NOTICE OF DEMAND AND SETTLEMENT FOR CLOSING OF THE ESCROW, NOTICE OF FAULT OPPORTUNITY TO CURE. Notary Acceptor, R. A. Guancione, certifies no timely response is made by Libellees.

6. On April 27, 2009, the Libellant served a CONTRACTUAL AND FINAL NOTICE OF DEMAND AND SETTLEMENT FOR CLOSING OF THE ESCROW. Notary Acceptor, R. A. Guancione certifies no timely response is made by Libellees.

7. The Libellees have Dishonored the Notice of International Claim within the Admiralty Administrative Remedy of Anthony Victor III: Guancione©™. This NOTARIAL PROTEST is NON-NEGOTIABLE and NOTICE OF ADMINISTRATIVE JUDGMENT and CERTIFICATE OF DISHONOR to which you have admitted the statement, claims, and answers to the inquiries by *tacit procuration*. This ADMINISTRATIVE JUDGMENT is *stare decisis*, *res judicata* and *collateral estoppel*.

8. The Libellant appeared before me under oath and has sworn that he has not received a timely response and answer, by legal definition or settlement from the Libellees.

9. Anthony Victor III: Guancione©™ is HOLDER IN DUE COURSE of this account and the Commercial Matter contained therein by operation of law and the debt on this account was recorded on a UCC 1 Financing Statement with the California State Secretary of State on October 15, 2009 as number 097211499153.

10. Anthony Victor III: Guancione©™ recorded the debt on this account and the Commercial Matter contained therein by operation of law, with the Santa Clara County Clerk-Recorder on November 3, 2009, as document number 20488970.

11. Libellees, after being found by the Notary Acceptor to have agreed to Libellant's contract and admitted to all statements and claims made by Libellant by TACIT PROCURATION by simply remaining silent, through the estoppel by acquiescence, as described in the language of the contract repeated and recited below, have agreed to not initiate or undertake any action against the Libellant.

*"**ESTOPPEL BY ACQUIESENCE**: In the event Libellee admits the statements and claims by TACIT PROCURATION, all issues are deemed settled RES JUDICATA, STARE DECISIS and COLLATERAL ESTOPPEL. Libellee may not argue, controvert, or otherwise protest the finality of the administrative findings in any subsequent process, whether administrative or judicial.*

*Any action(s), by Libellee(s), in any court or other forum, undertaken against Libellant, outside this Administrative Remedy by Libellee(s), is a trespass against Libellant and will result in an increase in the amount of the True Bill of ten (10) times the original amount and will continue to increase in the same amount of any additional trespasses."*

12. Libellees, committed a trespass on Libellant on November 13, 2009, directly and through their agents, employees, slaves, wholly owned subsidiaries and their agents, employees, and slaves, filed an unlawful detainer action in the California Superior Court, Santa Clara County, Civil Division, 191 N. First St., San Jose, CA 95113.

13. The trespass against the Libellant, which was outside the Administrative Remedy that settled all issues RES JUDICATA, STARE DECISIS and COLLATERAL ESTOPPEL, was made by the Libellee's court filing on Nov. 13, 2009. That trespass has resulted, under the terms of the settled agreement, in an increase in the amount of the True Bill of ten (10) times the original amount. The original amount was a sum certain of $32,263,716.00 US (thirty-two million two-hundred sixty-three thousand seven-hundred sixteen dollars US). The new amount based upon the Libellee's trespass on November 13, 2009 was $322,637,160.00 US (three-hundred twenty-two million six-hundred thirty-seven thousand one-hundred sixty dollars and no cents).

14. The Libellees have Dishonored the Notice of International Claim within the Admiralty Administrative Remedy of Anthony Victor III: Guancione©™ and have subsequently committed a trespass against the Libellant after the issue of a NOTARIAL PROTEST. A notary public is the equivalent of an exofficio magistrate judge and an exofficio justice of the peace per US Supreme Court ruling: *U.S. Supreme Court, COMPTON v. STATE OF ALABAMA, 214 U.S. 1 (1909))*

The libellees have admitted the statement, claims, and answers to the inquiries in the Notice of International Claim within the Admiralty Administrative Remedy by Anthony Victor III: Guancione©™ by *tacit procuration*. That ADMINISTRATIVE JUDGMENT is *stare decisis, res judicata* and *collateral estoppel*.

15. The California Government Code § 8205 states:
    "(a) It is the duty of a notary public, when requested:
    (1) To demand acceptance and payment of foreign and inland bills of exchange, or promissory notes, to protest them for non-acceptance and nonpayment, and, with regard only to the non-acceptance or nonpayment of bills and notes, to exercise any other powers and duties that by the law of nations and according to commercial usages, or by the laws of any other state, government, or country, may be performed by notaries."

16. The Libellant appeared before me under oath and has sworn that he has not received a timely payment, by legal definition or settlement from the Libellees, and that Libellees have subsequently committed a trespass against Libellant on November 13, 2009, in violation of a Court order of October 10, 2009.

17. Anthony Victor III: Guancione©™ is the HOLDER IN DUE COURSE of this account and the Commercial Matter contained therein by operation of law and the new amount of the sum certain for the debt will be recorded on a Notice of Judgment Lien with the California State Secretary of State, and/or with any other convenient state of the united States secretary of state, and/or any convenient county within any convenient state of the united States of America. The new sum certain of the judgment debt on this account, owed by the Libellee's, to Libellant Anthony Victor III: Guancione©™, and resulting from the previously agreed contract, the previous NOTARIAL JUDGMENT of October 10, 2009, and from the actions of the Libellees and Libellee's agents, employees, representatives and slaves, of trespass upon the Libellant Anthony Victor III: Guancione©™ on November 13, 2009 is $322,637,160.00
(three-hundred twenty-two million six-hundred thirty-seven thousand one-hundred sixty dollars and no cents in United States currency or equivalent in gold, silver or other International currency of equivalent value). The final judgment for this trespass was issued on January 8, 2010.

18. Further, as this matter is and has always been an Admiralty claim, and the secured party creditor Anthony Victor III: Guancione©™ is and continues to be the HOLDER IN DUE COURSE of this account and the Commercial Matter contained therein by operation of law and the new amount of the sum certain for the debt was recorded as Notarial Protest and Notice of Administrative Judgment, Certificate of Dishonor, and Notice of Judgment Lien, and Notice of Claim of Maritime Lien, with the Washington State Secretary of State, document number 20100114000540 on January 14, 2010. The then sum certain of the judgment debt on this account, owed by the Libellee's was $322,637,160.00 US

(three-hundred twenty-two million six-hundred thirty-seven thousand one-hundred sixty dollars and no cents).

19. The Libellant appeared before me under oath on January 21, 2010, and has sworn that he has not received a timely payment, by legal definition or settlement from the Libellees, and that Libellees have subsequently committed a second trespass against Libellant on January 8, 2010, in violation of a Court order of October 10, 2009.

20. Libellees, committed a second trespass on Libellant on January 8, 2010, directly and through their agents, employees, slaves, wholly owned subsidiaries and their agents, employees, and slaves, filed a series of motions in the UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA -- SAN JOSE, case #C09-06029, 280 So. First St., San Jose, CA 95113.

21. The second trespass against the Libellant, which was outside the Administrative Remedy that settled all issues RES JUDICATA, STARE DECISIS and COLLATERAL ESTOPPEL, and was made by the Libellee's court filing on January 8, 2010. That trespass has resulted, under the terms of the settled agreement, in an increase in the amount of the True Bill of ten (10) times the previous amount. The previous amount was a sum certain of $322,637,160.00 USD (three-hundred twenty-two million six-hundred thirty-seven thousand one-hundred sixty dollars and no cents USD). The new sum certain amount based upon the Libellee's trespass on January 8, 2010 is $3,226,371,600.00 USD
(three billion-two hundred twenty-six million three-hundred seventy-one thousand six-hundred dollars and no cents USD). The final judgment for this trespass was issued on January 21, 2010

22. An Administrative Law Tribunal met on February 5, 2010, and issued a finding of fact, which upheld the Notarial Dishonor issued through the second trespass for the afore stated amount.

23. Further, as this matter is and has always been an Admiralty claim, and the secured party creditor Anthony Victor III: Guancione©™ is and continues to be the HOLDER IN DUE COURSE of this account and the Commercial Matter contained therein by operation of law and the new amount of the sum certain for the debt will be recorded as this Judgment, Notice of Judgment Lien, and Notices of Claim in Maritime, with the California State Secretary of State, and/or any other convenient state of the united States secretary of state, and/or any convenient county within any convenient state of the united States of America. The new sum certain of the judgment debt on this account, owed by the Libellee's both individually and severally is
$3,226,371,600.00 USD
(three billion-two hundred twenty-six million three-hundred seventy-one thousand

Case: 11-43325    Doc# 8    Filed: 05/10/11    Entered: 05/11/11 10:03:36    Page 15 of 15